**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GARY RHINES, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:17-1623 |
| v. | : | (JUDGE MANNION) |
| Warden FCI-ALLENWOOD, | : | |
| Respondent | : | |

# **MEMORANDUM**

Petitioner, Gary Rhines, an inmate confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Lycoming County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely under the statute of limitations, see 28 U.S.C. §2244(d), and for failure to raise a cognizable federal claim.

## I. **Background**

The following background has been extracted from the trial court's opinion in support of the Order in compliance with Rule 1925(a) of the Rules

of Appellate Procedure. (Doc. 16 at 48, Opinion dated June 18, 2012).

On March 9, 1995, Gary Rhines (Defendant) pled guilty to Delivery of a Controlled Substance, Possession with Intent to Deliver, and Simple Assault. On the same date, the Honorable Kenneth D. Brown sentenced the Defendant to eleven (11) to twenty-three (23) months incarceration in the Lycoming County Prison followed by a one (1) year period of probation. The Defendant did not file an appeal in this case.

On January 13, 1997, the Defendant pled guilty to Delivery of a Controlled Substance and Possession with Intent to Deliver. On February 18, 1997, the Defendant was sentenced to twenty-six (26) to forty-six (46) months in a state correctional institution. Once again the Defendant did not appeal his sentence. Defendant was then paroled and later detained on August 23, 2001 for a parole violation stemming from an indictment on federal drug distribution charges in the Middle District of Pennsylvania. Subsequently, the Defendant was convicted in federal court and was sentenced to a life sentence.

On May 13, 2011, the Defendant filed a *pro-se* Petition for Writ of Error Coram Nobis, which the Court treated as a PCRA Petition. The Court appointed Attorney Rymsza to represent the Defendant on his PCRA Petition on May 20, 2011. Following several extensions of time for counsel to file an amended PCRA Petition or a *Turner-Finley* letter, Attorney Rymsza filed a Petition to Withdraw along with a *Turner-Finley* letter on November 22, 2011. In an Opinion and Order dated February 27, 2012, the Court found that Defendant's PCRA Petition was untimely and proposed dismissal of the Petition within twenty (20) days. The Defendant submitted *pro se* objections to the Court's proposed dismissal, which argued that the Defendant's Petition was timely because he is actually innocent and that his counsel failed to file a Notice of Appeal or a PCRA when he was requested to do so. On March 26, 2012, the Court, considering the objections by the Defendant, dismissed the Defendant's PCRA and notified him of his appellate rights.

On April 12, 2012, the Defendant filed a Notice of Appeal. On April 17, 2012, the Court requested a statement from the Defendant in accordance with Pa. R.A. P. 1925(b), which was fulfilled by the Defendant on May 3, 2012. The Defendant raises two issues on appeal: 1) whether the Court of Common Pleas violated the Defendant's 14th Amendment Due Process rights when it failed to allow equitable tolling of the one year time limit based upon him being actually innocent and/or newly discovered evidence; and 2) whether *Martinez v. Ryan,* U.S. No. 10-1001 (March 20, 2012) warrants equitable tolling of the one year time limit.

Id.

By Memorandum Opinion dated March 11, 2013, the Pennsylvania Superior Court affirmed the PCRA Court, finding the following:

> In this case, the PCRA court denied Rhines's Petition as untimely filed. Our General Assembly has mandated that a petition for PCRA relief must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa C.S.A. §9545(b)(3). The one-year time limitation is jurisdictional and a trial court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 574 Pa.724, 833 A.2d 719, 723-24 (Pa.2003); *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (Pa.2000). The PCRA recognizes three exceptions to the one-year filing requirement: after discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii). Any petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. §9545(b)(2).
>
>> As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to

> one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims.

*Gamboa-Taylor*, 753 A.2d at 783.

In this case, Rhines's judgment of sentence for his convictions became final in 1996 and 1998. Rhines filed his PCRA Petition in May 2011, over a decade after his judgment of sentence became final. Therefore, Rhines's PCRA Petition is facially untimely. Rhines argues that the PCRA's time bar should not apply where there has been a colorable showing of actual innocence. Brief for Appellant at 12. Comparing the PCRA to federal statutes for post-conviction collateral relief, and arguing in favor of the equitable tolling of the PCRA's time limitation, Rhines asserts that the PCRA's time limitation violates his right to due process. *Id*.

Rhines also argues that his direct appeal counsel rendered ineffective assistance by failing to file a requested direct appeal. *Id*. Rhines also claims that his PCRA counsel rendered ineffective assistance by failing to raise this claim before the PCRA court. *Id*. at 13, 753 A.2d 780. Finally, Rhines directs our attention to the United States Supreme Court's holding in *Martinez* as support for his claim that, upon establishing PCRA counsel's ineffectiveness, he is entitled to a review of the merits of his claim of ineffective assistance of trial counsel for failing to file a requested direct appeal. *Id*.

In its Opinion filed on June 19, 2012, the PCRA court addressed Rhines's claims and concluded that they lack merit. PCRA Court Opinion, 6/19/12, at 2-5. Upon our review of the record and the claims raised in Rhines's *pro se* appellate brief, we agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis.

(Doc. 16 at 46, Opinion dated March 11, 2013). No appeal was filed from the

Superior Court's March 11, 2013 Opinion.

On July 29, 2016 Rhines filed a second PCRA petition, alleging the sentences imposed were unconstitutional as they were based on an unconstitutional mandatory minimum sentencing scheme. (Doc. 16 at 51, PCRA petition). Petitioner relied on Alleyne v. United States, 570 U.S. 99 (2013) and Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016). Id.

On October 31, 2016 the court issued an Order, notifying Rhines of its intent to dismiss the petition as untimely, unless objections were filed within twenty (20) days of the Order. (Doc. 16 at 54, Opinion and Order). No objections were filed; nor was an appeal taken from the October 31,2016 Order.

On September 7, 2017, Petitioner filed the instant petition for writ of habeas corpus. (Doc.1). Petitioner contends that he received an unconstitutional mandatory minimum sentence pursuant to Alleyne v. United States, 570 U.S. 99 (2013). In Alleyne, the court held any fact that by law increases the penalty for a crime must be treated as an element of the crime and submitted to a jury and found beyond a reasonable doubt. The effect was to invalidate a range of PA statutes basing mandatory minimum penalties upon non-elemental facts, and requiring such facts to be determined by a

preponderance of the evidence at sentencing. See Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016). Petitioner further contends that he is entitled to habeas relief as counsel was ineffective at the time of his guilty plea for not advising him that should he later be charged with another offense he could face a sentencing enhancement due to his prior conviction. (Doc.1). Petitioner relies upon Padilla v. Kentucky, 559 U.S. 356 (2010), in which the Supreme Court held that counsel was ineffective for not advising the defendant that by pleading guilty he would face deportation. Finally, Petitioner argues that his federal sentence should not have been enhanced as his conviction in State court was not similar to the Federal statute for which he was convicted and accordingly his federal sentence was not subject to enhancement. (Doc. 8).

## II. Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for

> seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction

proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable

tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

In this case, Petitioner was sentenced by the Lycoming County Court of Common Pleas, on state charges, on March 9, 1995 and on February 18, 1997. No direct appeal was taken from either sentence. Thus, his conviction on his March 9, 1995 sentence became final on April 24, 1996[1] and his February 18, 1997 conviction became final on March 20, 1997, the day the time period for filing a direct appeal with the Superior Court expired.[2] The

---

[1]Where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328. Thus, the clock for filing a §2254 petition began on April 24, 1996, and Rhines had until April 24, 1997, to file a timely habeas corpus petition. Burns, 134 F.3d at 111.

[2]In Pennsylvania, a criminal defendant has thirty days from the date of his sentence to file a direct appeal with the superior court. See Pa.R.Crim.P.
(continued...)

limitations period for filing a 2254 petition commenced on April 24, 1996 and March 20, 1997, giving Petitioner until April 24, 1997, and March 20, 1998, respectively, to file federal petitions, absent statutory or equitable tolling of the period. Rhines, however, did not commence the instant proceedings until September 7, 2017, almost twenty years after the expiration of the statue of limitations. As such, the petition for habeas corpus relief under §2254 appears to be barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

As noted above, the one-year statute of limitations is tolled during the time petitioner had pending in state courts a properly filed PCRA petition. Petitioner's first PCRA petition, filed on May 13, 2011, was denied as untimely on March 26, 2012, and affirmed as such by the Superior Court on March 11, 2013. Rhines' second PCRA petition was filed on July 29, 2016 and was dismissed as untimely, twenty days after the PCRA Court's October 31, 2016 Order, giving notice of dismissal if no objections were filed within twenty days. Both petitions were filed well after the AEDPA statute of limitations expired.

---

(...continued)
720(a)(3).

As such, they do not toll an already expired statute of limitations. See Long v. Wilson, 393 F.3d 390, 395 (3d Cir. 2004) (petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, inter alia, "the limitations period had already run when it was filed"). Case law is clear that an untimely PCRA petition is not "properly filed" and, therefore, does not toll the statute of limitations. See Pace v. Diguglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under §2254(d)(2)."). See also Merritt v. Blaine, 326 F.3d at 167-68. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

Finally, regardless of timeliness, Petitioner's claims are not cognizable claims. Initially, the Court notes that the United States Court of Appeals for

the Third Circuit has held that "Alleyne cannot be applied retroactively to cases on collateral review." United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014). The court, applying Teague v. Lane, 489 U.S. 288 (1989), concluded that Alleyne did not fall into either category of cases that apply retroactively. Id. These two categories are substantive rules of constitutional law and new watershed procedural rules. Teague, 489 U.S. at 316. The court explained that "Alleyne announced a procedural, rather than substantive rule," and that the rule did not fall into the "extremely narrow" class of watershed rules of criminal procedure. United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014).

Moreover, the Supreme Court has found that Padilla v. Kentucky, 559 U.S. 356 (2010), is also not to be retroactive. Chaidez v. United States, 568 U.S. 342 (2013).

Finally, to the extent that Petitioner claims that his federal sentence should not have been enhanced by a state court conviction which Petitioner believes is not similar to his federal conviction, such claim is not cognizable in the instant challenge to Petitioner's state court convictions, as it is more appropriately raised in a 28 U.S.C. §2255 challenge to Petitioner's federal conviction and sentence.

### III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred and fails to raise a cognizable federal claim. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition. Additionally, it fails to raise a federal constitutional claim.

### IV. **Conclusion**

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States District Judge**

**Dated:	March 5, 2019**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-1623-01.wpd